**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **DEMERS EXPOSITION SERVICES, INC.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Case No.** |
| **INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25** | ) | |
| **Defendant** | ) | |

## COMPLAINT

This is an action for damages based on Sections 301 and 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 185 and 187. Defendant, International Brotherhood of Teamsters, Local 25 ("Teamsters Local 25") and its members struck Demers Exposition Services, Inc. ("Demers") in violation of the "no strike" clause of a collective bargaining agreement between the parties. On information and belief, Teamsters Local 25 also violated Article 44 of the collective bargaining agreement by offering another employer who is signatory to the collective bargaining agreement more favorable terms than it offered Demers. As a result of these breaches of the collective bargaining agreement, Demers suffered damages, including lost profits, for which it seeks compensation. In addition, Local 25 engaged in picketing, the purpose of which was to force another business to cease doing business with Demers, which violated Section 8 (b)(4)(ii)(B) of the National Labor Relations Act ("NLRA") and Section 303. Demers seeks recovery of damages, including lost profits, and costs of suit under Section 303 based on that illegal conduct.

## COUNT ONE – BREACH OF COLLECTIVE BARGAINING AGREEMENT UNDER SECTION 301 OF THE LMRA

1. Demers is a Connecticut corporation with offices and a place of business within

Connecticut.

2. Teamsters Local 25 is a labor organization with offices and a place of business within Massachusetts, located at 544 Main Street, Charlestown, MA 02129.

3. This Court has jurisdiction based on 28 U.S.C. § 1331 because this case arises under 29 U.S.C. § 185, commonly known as Section 301 of the LMRA ("Section 301"), and 29 U.S.C. § 187, commonly known as Section 303 of the LMRA ("Section 303").

4. Section 301 (a) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

5. Section 301 (c) provides: "For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."

6. Section 303 (b), which provides a cause of action against a union that violates Section 8 (b)(4) of the NLRA, also provide for jurisdiction and venue under the same terms as apply to Section 301 actions.

7. Demers is in the business of providing services to exposition centers and other events that affect commerce. Such business is an "industry affecting commerce" within the meaning of the LMRA.

8. The principal office of Teamsters Local 25 is in Charlestown, Massachusetts.

9. Accordingly, this Court has jurisdiction over Teamsters Local 25, and venue is proper in this District.

10. Demers and Teamsters Local 25 are both signatory to the Trade Show/Convention Agreement collective bargaining agreement, effective from 2022 to 2027 ("CBA").

11. Article 38 of the CBA provides, in relevant part: "The Union agrees that, except as otherwise expressly provided in this Agreement, including Article 7, Section 4, as long as this Agreement is in effect, there shall be no strikes, slowdowns, or stoppages of work."

12. Demers had a contract with Hyrox North America, Inc. ("Hyrox") to provide set up and take down services for Hyrox at its event at the Thomas Michael Menino Convention and Exhibition Center ("MCEC") to take place October 8-11, 2026.

13. Pursuant to its understanding with the MCEC, Hyrox planned to use some of its own personnel for set up and take down duties.

14. Local 25 objected to Hyrox doing so, contending that its members must be used.

15. Demers planned to use Local 25 members to conduct the work it had agreed to do for Hyrox.

16. On October 7, 2026, Demers management arrived at the MCEC in the early morning prepared to oversee the set up and the work to be done by Local 25's members for Demers.

17. Teamsters Local 25 Business Manager, Brian Hatch, appeared at the MCEC and called the Local 25 members to the side to meet with him.

18. Immediately after meeting with Mr. Hatch, the Teamsters Local 25 members walked off the job and refused to work. Multiple of them commented to Demers management that they were "doing what they were told to do," or words to that effect.

19. Teamsters Local 25 is responsible for the strike, which was in clear and blatant violation of the "no strike" clause of the CBA.

20. As a direct and proximate result of Local 25's breach of the "no strike" clause of the CBA, Demers suffered damages, including lost profits.

21. On information and belief, Teamsters Local 25 also violated Article 44 of the CBA. Article 44 provides: "All Employers performing the same or similar work included within the jurisdiction of the Union shall employ workers under the same conditions as appear in this Agreement. In order to carry out the bilateral spirit of this Agreement, in the event the Union grants more favorable terms to others, the Union will extend these more favorable terms to the Employer party to this Agreement."

22. After Teamsters Local 25's members walked off of the job for Demers in violation of the CBA's no strike clause, Demers subsequently learned that one of its competitors and a signatory to the CBA, Freeman Expositions, LLC ("Freeman"), was performing the work Hyrox originally contracted with Demers to perform, using Teamsters Local 25 members to do so. Indeed, the Teamsters Local 25 members Freeman was utilizing to perform the work were working side-by-side with Hyrox employees.

23. On information and belief, Teamsters Local 25 extended concessions to Hyrox allowing Hyrox to utilize its own manpower rather than Teamsters Local 25 members, provided that Hyrox utilize Freeman's services instead of Demers. By extension, Teamsters Local 25 granted more favorable terms to Freeman without granting those terms to Demers, in violation of Article 44 of the CBA.

24. As a direct and proximate result of Teamsters Local 25's breach of Article 44 of the CBA, Demers suffered damages, including lost profits.

**COUNT TWO – VIOLATION OF SECTION 303 OF THE LMRA**

1-24. Demers realleges Paragraphs 1-24 of Count One as if fully set forth herein.

25. Also in connection with the Hyrox event, Teamsters Local 25 engaged in picketing outside the MCEC.

26. Although the picketing was purported to be "area standards" picketing, the purpose of the picketing was to force Hyrox to cease doing business with Demers.

27. The picketing achieved that goal. On information and belief, Mr. Hatch informed MCEC officials and Hyrox that if Hyrox agreed to use Freeman, the picketing would cease. That deal was struck, the picketing stopped, and Demers lost the job.

28. Teamsters Local 25's picketing violated Section 8 (b)(4)(ii)(B) of the NLRA by having the objective of forcing another business to cease doing business with Demers.

29. As a result of Teamsters Local 25's violations of Section 8 (b)(4)(ii)(B) of the NLRA and Section 303, Demers sustained damages, including lost profits.

**Prayer for Relief**

Demers prays for the following relief:

1. That this Court exercise jurisdiction and hear this matter;
2. That the Court enter judgment in favor of Demers, and against Teamsters Local 25, awarding Demers damages, including its lost profits, under Sections 301 and/or 303, and costs of suit, including attorney's fees, as provided by Section 303;
3. Given that Teamsters Local 25's strike so clearly and blatantly breached its obligations under the "no strike" clause of the CBA that no reasonable person could have concluded otherwise, Demers requests that the Court award Demers its attorney's fees and costs

incurred in prosecuting this action under Section 301, if they are not awarded under Section 303;

4. Award Demers discretionary costs, costs of court and any other and further relief the Court deems just and proper.

**DEMERS EXPOSITION SERVICES, INC.**

Dated: October 30, 2026

Respectfully submitted,

**FORDHARRISON LLP**

By: *<u>/s/ Johanna G. Zelman</u>*

Johanna G. Zelman
Massachusetts Bar No. 716802
CityPlace II, 185 Asylum Street,
Suite 820
Hartford, CT 06103
Tel #: (860) 740-1355
Fax #: (860) 578-2075
jzelman@fordharrison.com

Michael J. Spagnola*
CityPlace II, 185 Asylum Street,
Suite 820
Hartford, CT 06103
Tel #: (860) 740-1364
Fax #: (860) 578-2075
MSpagnola@fordharrison.com

Howard B. Jackson*
150 3rd Avenue South, Suite 2010
Nashville, TN 37201
Tel #: (615) 574-6702
Fax #: (615) 574-6701
HJackson@fordharrison.com

Attorneys Demers

**Pro Hac Vice Application Forthcoming*